IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILFREDO CAMACHO, | ) | |
| Plaintiff | ) | |
| v. | ) | CIVIL ACTION NO.: 1:05CV503-T |
| PEMCO WORLD AIR SERVICES, INC., | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Pemco World Air Services, Inc. ("Pemco" or "Defendant") hereby answers Plaintiff Wilfredo Camacho's Complaint in the above-captioned matter. Pemco responds to the numbered allegations of the Complaint as follows:

1. Pemco admits that this is an action seeking redress under 42 U.S.C. § 12101, et seq.; 42 U.S.C. § 2000(e) et seq. and 42 U.S.C. § 1981 et seq., as amended, but expressly denies any violation of said statutes.

2. Pemco does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3. Pemco admits the allegations contained in Paragraph 3 of the Complaint.

4. Pemco admits the allegations contained in Paragraph 4 of the Complaint.

5. Pemco admits the allegations contained in Paragraph 5 of the Complaint.

6. Pemco admits the allegations contained in Paragraph 6 of the Complaint.

7. Pemco denies the allegations contained in Paragraph 7 of the Complaint.

8. Pemco denies the allegations contained in Paragraph 8 of the Complaint.

9. Pemco denies the allegations contained in Paragraph 9 of the Complaint.

10. Pemco denies the allegations contained in Paragraph 10 of the Complaint.

11. Pemco admits hiring Plaintiff in October 2003 as an aircraft mechanic. Pemco denies the remaining allegations contained in Paragraph 11 of the Complaint. Pemco further denies that Plaintiff is entitled to any relief in this action including the relief requested in the Paragraph in Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED," including subparts a, b, and c.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

2. Unless expressly admitted, Defendant denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

3. All of Defendant's employment decisions, including his termination, were made for legitimate, non-discriminatory reasons.

4. Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

5. Defendant denies that it was motivated by a discriminatory animus when it took any employment action against Plaintiff. Defendant asserts, however, that it would have made the same decision for legitimate reasons irrespective of any discriminatory motive. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

6. Any damages suffered by Plaintiff were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

7.  To avoid waiver, Defendant states that Plaintiff's claims are barred by the applicable statute of limitations or are otherwise untimely.

8.  Some or all of Plaintiff's claims are barred by Plaintiff's failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

9.  Plaintiff is not entitled to punitive damages.

10. Defendant may not be held liable for punitive and/or liquidated damages as Defendant has undertaken a good faith effort to comply with 42 U.S.C. § 1981, Title VII , the Americans with Disabilities Act, and related laws and has never acted with malice or with reckless indifference to federally protected or related civil rights.

11. Plaintiff's claims and/or alleged damages may be limited by the after-acquired evidence doctrine.

12. Plaintiff was not a qualified individual with a disability because Plaintiff's alleged condition is not a "disability" within the meaning of the ADA, Plaintiff was not "qualified" within the meaning of the ADA, and/or Defendant did not perceive Plaintiff to have a disability.

13. Even if Plaintiff was a qualified individual with a disability, which Defendant denies, Plaintiff failed to request or identify to Defendant a reasonable accommodation. Any accommodations requested by Plaintiff were not reasonable under the circumstances, or would have caused or resulted in undue hardship to Defendant. Plaintiff was unable to perform the essential functions of the job he was hired to perform with or without reasonable accommodation. Plaintiff does not allege that there was another available position that he was qualified to perform, and that a reasonable accommodation could have been made as to that

position. Plaintiff does not allege that there was any available or vacant positions at any time when he was a qualified individual with a disability.

14. To avoid waiver, Defendant states that Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, estoppel, release and waiver.

15. Plaintiff is not entitled to punitive damages under federal law.

16. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996).

17. Pemco respectfully reserves the right to assert other defenses, objections and claims as discovery progresses or when it otherwise becomes appropriate during the course of this civil action.

          s/John B. Holmes, III.
          Jeffrey A. Lee
          John B. Holmes, III
          Attorneys for Defendant
          Pemco World Air Services, Inc.

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000
(205) 254-1999 (Facsimile)

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 24th day of June, 2005, served a copy of the above and foregoing pleading on all parties to this proceeding by e-filing:

Kenneth F. Gray, Jr., Esq.
Bret M. Gray, Esq.
Griffin & Associates
2100 River Haven Drive
Suite 1
Hoover, Alabama 35244

                                        s/John B. Holmes, III.
                                        OF COUNSEL