IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILFREDO CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05CV503-MHT |
| | ) | |
| PEMCO WORLD AIR SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On 21 July 2006, the defendant filed a motion for summary judgment (Doc. # 31). Upon consideration of the defendant's motion, and for good cause, it is

ORDERED that on or before 21 August 2006, the plaintiff shall file his response to the motion. Thereafter, the motion for summary judgment will be deemed submitted on the motion, the pleadings, the response, and any documents or other evidence that the parties file. the party seeking summary judgment has already filed or which the plaintiff may wish to file on or before 21 August 2006.[1]  Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.

Before entering summary judgment against a *pro se* litigant, the district court, as a bare minimum, should provide him with fair notice of the requirements of the summary judgment rule.  ***Moore v. State of Fla.***, 703 F.2d 516, 520 (11th Cir. 1983).[2]   Thus, in

---

[1]This motion is submitted without oral argument.

[2]***See Ham v. Smith***, 653 F.2d 628, 629-30 (D.C. Cir. 1981) (*pro se* litigants must be accorded "special attention" by judges when such litigants are faced with motions for summary judgment, meaning "at a

responding to a motion for summary judgment, the non-moving party, i.e., the plaintiff, should make specific reference to the following provisions of Rule 56(e), ***Federal Rules of Civil Procedure:***

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided for in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him.

Parties representing themselves without counsel should be particularly aware of the requirements of the rule. A party opposing a motion for summary judgment cannot rely only on his unsworn pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case.[3] Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[4] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a

---

bare minimum": notice of the rules attendant to a motion for summary judgment and the risks of failure to respond); ***Barker v. Norman,*** 651 F.2d 1107, 1128-29 & n. 26 (5th Cir. Unit A 1981) (a court has an obligation to afford parties the opportunity to remedy "obvious defects in . . . summary judgment materials" although even as to a party appearing *pro se*, a judge "is neither required nor permitted to become counsel for a party . . . ").

[3] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.

[4] If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.

motion for summary judgment may result in a recommendation of the Magistrate Judge that the motion be granted and that final judgment be entered in favor of the moving party without an evidentiary hearing or a trial.

DONE this 24th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE