FORM A-4T
(REV. 9/91)

## STATE OF ALABAMA
### DEPARTMENT OF INDUSTRIAL RELATIONS
### HEARINGS AND APPEALS DIVISION
### MONTGOMERY, ALABAMA 36131

### NOTICE OF UNEMPLOYMENT COMPENSATION TELEPHONE HEARING

CAMACHO/WILFREDO S
1608 SADDLEBROOK LANE
JACKSONVILLE      FL 32221 5600

CLAIM DATE: **11/28/04**

DATE MAILED: **01/26/2005**

CLAIMANT: **WILFREDO S CAMACHO**

CLAIMANT'S SSN: 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

EMPLOYER: **PEMCO WORLD AIR SVCS INC**

APPELLANT: **CLAIMANT**

ADM HEARING OFR: **LINDA F. WEST**

CASE NO: **00495AT05**

HEARING WILL BE HELD ON **FEBRUARY 02, 2005**

AT: **03:15 PM CST**
**01:45 PM EST**

### PLEASE READ THE IMPORTANT INFORMATION ON THE BACK OF THIS NOTICE

*INSTRUCTIONS FOR TELEPHONE HEARINGS:*

You have been granted a <u>telephone</u> hearing. You must immediately contact the Hearings and Appeals Division and provide a telephone number where you may be reached prior to the hearing. Call 1-800-321-9323. If you do not provide a telephone number prior to the hearing <u>the Hearing Officer will not call you.</u> The use of a cell phone is not suitable for a teleconference hearing.

*ISSUES:*

SECTION 25-4-78(2) AND/OR 25-4-78(3) CODE OF ALABAMA 1975: WHETHER THE CLAIMANT LEFT THE MOST RECENT BONA FIDE WORK VOLUNTARILY WITHOUT GOOD CAUSE CONNECTED WITH SUCH WORK OR WAS DISCHARGED FOR MISCONDUCT CONNECTED WITH THE WORK.

—
—
—

DH

*Confi* 3-1-00-31
*Talked to Brenda* 1/28/05 4:15 PM

Rec'd 1/28/05 FRI PM






DEFENDANT'S EXHIBIT

January 10, 2005

State of Alabama
Department of Industrial Relation
Unemployment Compensation Agency
Montgomery, Alabama 36131

Gentlemen / Madam:

I would like to file for an appeal regarding the notice of determination dated Dec. 27, 2004 which I received Dec. 31, 2004 because I was terminated by my employer, Pemco World Air Services on Nov. 18, 2004 by Mr. Sim Battcher, Human Resource Director due to medical reason.

Thank you.

Sincerely,

WILFREDO S. CAMACHO
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
1608 Saddlebrook Lane
Jacksonville, Florida 32221

1/10/05 Mon. Talked to: (334-242-2021

Miss Lauren Jones verified over the phone that she have recei this fax 1/10/05 Mon

STATE
OF
ALABAMA

DEPARTMENT OF INDUSTRIAL RELATIONS
649 MONROE STREET
MONTGOMERY, ALABAMA 36131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE
USE $300

RETURN SERVICE REQUESTED

WILFREDO S CAMACHO
1608 SADDLEBROOK LANE
JACKSONVILLE   FL 32221-5600

FOR QUALIFIED WORKERS
CALL THE
ALABAMA STATE
EMPLOYMENT SERVICE
NO FEES CHARGED

SSN
O-C
DAT
CLA

Received 12/29/04

PRESORT
FIRST CLASS MAIL
POSTAGE & FEES PAID
EMPLOYMENT SECURITY MAIL
PERMIT NO. G-12

---

STATE
OF
ALABAMA

DEPARTMENT OF INDUSTRIAL
RELATIONS
649 MONROE STREET
MONTGOMERY, ALABAMA 36131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE
USE $300

RETURN SERVICE REQUESTED

JABFSP1 32221

FOR QUALIFIED WORKERS
CALL THE
ALABAMA STATE
EMPLOYMENT SERVICE
NO FEES CHARGED

JAN 26 '05

U.S. OFFICIAL MAIL
PENALTY
FOR PRIVATE
USE $300
PB METER
749934   U.S. POSTAGE

PENALTY   $ 0.37

Received 1/28/05

32221#56600

Alabama Unemployment
Birmingham, Alabama

December 9, 2004
Thursday

Atten. Miss Betty Woods

Dear Miss Woods:

The following is from the original consult given to me by
Dr. Joseph Sewell after he had seen me on Nov. 3, 2004
I gave a copy of this to Mr. Jim Battcher, the Human
Resource Director of Pemco, Dothan Alabama on Nov. 4, 2004.
From that day until Nov 18, 2004, I was out of work
because Mr. Battcher told me not to work and that they
will file for my worker's compensation which until up to the
present I have not receive any single cent.   I was
terminated Nov. 18, 2004 Thursday by Mr. Battcher in the
presence of Miss Gerri Paulk due to medical reason.

Wilfredo A. Camacho

Form ADP-Ben-11
(10-96)

# STATE OF ALABAMA
## DEPARTMENT OF INDUSTRIAL RELATIONS
## UNEMPLOYMENT COMPENSATION AGENCY
## MONTGOMERY, ALABAMA 36131

### NOTICE OF DETERMINATION

WILFREDO S. CAMACHO
1608 SADDLEBROOK LANE
JACKSONVILLE      FL   32221-5600

SSN: 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      C.D.: 11/28/04
O-C: 0900      PROG: 01
DATE MAILED: 12/27/04
CLAIMS INQUIRY LINE:
                334-242-8625

**You have been disqualified or determined ineligible for benefits as indicated below:**
**FROM:** 12/19/04      **TO:** INDEFINITE
**SECTION OF LAW:** 25-4-78(2)
**ISSUE:** Voluntary Quit

> You left your last bona fide work with PEMCO WORLD AIR SVCS INC
> voluntarily when you failed to return to work. Your leaving work
> for this reason was not good cause connected with work. You will
> not be entitled to benefits until you have worked in insured or
> other acceptable employment and earned wages of at least ten
> times the weekly benefit amount established on your benefit year
> effective 11/28/04 since leaving this job, and be separated for a
> nondisqualifying reason. The maximum amount of benefits to which
> you may then become entitled is reduced by 8 times the weekly
> benefit amount for that benefit year.

**RIGHT TO APPEAL:** You have the right to appeal this determination; however, your appeal rights end 15 calendar days from the date of this notice if mailed, or 7 days if delivered (see DATE MAILED or DELIVERED above.) You may obtain information about your claim by telephoning the claims inquiry line shown above, however, all appeals MUST be filed by a letter addressed to the Hearing and Appeals Division, 649 Monroe Street, Montgomery, AL. 36131, or by fax to 334-242-2084. The appeal must be received within the prescribed time whether filed by mail or fax. Should the last calendar day for filing an appeal fall on a Saturday, Sunday or state holiday or other office closing, the period is extended to the next business day. If you do appeal, and remain unemployed, you should continue to file weekly claims on time pending the outcome of the appeal. Payments can be made only for eligible weeks for which timely claims have been filed. If you are unemployed when the period of disqualification or ineligibility ends and wish to reopen your claim, telephone 1-866-234-5382 during the week after the disqualification has ended. If payments have been made to you for weeks during the period(s) of disqualification or ineligibility indicated above, you will receive a Notice of Determination of Overpayment advising you of the amount to be repaid.

**STATE OF ALABAMA**

DEPARTMENT OF INDUSTRIAL RELATIONS
649 MONROE STREET
MONTGOMERY, ALABAMA 36131

OFFICIAL BUSINESS
PENALTY FOR PRIVATE
USE $300

RETURN SERVICE REQUESTED

FOR QUALIFIED WORKERS
CALL THE
ALABAMA STATE
EMPLOYMENT SERVICE
NO FEES CHARGED

PRESORT
FIRST CLASS MAIL
POSTAGE & FEES PAID
EMPLOYMENT SECURITY MAIL
PERMIT NO. G-12

Received 12/29/04

JA8F5P1 32221

**PEMCO** *World Air Services*
A Precision Standard Company

100 Pemco Drive
Dothan, AL 36301

## ORIENTATION CHECKLIST

*Camacho*

## FOR SIGNATURE

☑ Address Form (HR-325)
☑ I-9 (Employee Eligibility Verification – I.N.S.)
☑ W-4 (Federal Form W-4)
☑ A-4 (State of Alabama Form A-4 Rev 5/97)
☑ Alabama New Hire Reporting Form (Form NH-1)
☐ Payroll Exception Form (No Form No.)
☑ Emergency Notification Form (Form HR-315)
☐ Group Life Enrollment (Sun Life)
☐ Medical and Dental Enrollment (BCBS ENR-1)
☐ Spousal Carve Out Form (Form HR-335)

☐ Non-Disclosure Agreement (Form HR-320)
☐ Quality Resolution (Form HR-535)
☑ Handicap/Veterans Identification (Form HR-340)
☑ Insider Trading (Corp. Pol. 4.18 & Form HR-345)
☐ Probationary Rating Form (Form HR-400)
☐ Policy Stmt.–Pt. Time/Temp. (If Applicable) (Form HR-330)
☑ Safety Glasses (Form S-201PD)
☐ Orientation Safety Guidelines (Form S-202PD)
☐ United Way (optional) (United Way Pamphlet)
☐ Savings Bond (optional) (SBD-2003)

## REVIEWED AND DISCUSSED

☑ Attendance Policy
☑ Harrassment Statement (DSP 0400.02)
☑ Equal Employment Opportunity (Corp. Pol 3.22)
   Smoking (DSP 0100.15)
   Employee Fair Treatment (Corp. Pol. 3.32)
☑ Anti-Drug and Alcohol Summary (Form HR-502)
☑ Employee Assistance Program (Sawyers & Assoc.)
☑ Employment W/Pemco Summary which includes the following topics: (Form HR-310)

☑ Company Rules (DSP 0400.04, Supplements A & B)
☑ Business Ethics (DSP 50100.20)
☐ Union Contract (if applicable)
☑ Religious Observance
☐ Employee Suggestion Program
☐ Policy Stmt./Salaried Empl's (If applicable) (Form HR-350)

- Employment-At-Will
- Workplace Violence
- No-Fault Attendance Summary
- Press Relations
- Safety Rules
- Appearance & Hygiene
- Use of Telephones
- Business/Recreational Discounts Available

- Affirmative Action
- Meeting Schedules of Production
- FMLA (Family Medical Leave Act)
- Workers' Compensation
- FOD Prevention
- Employee Identification
- Address Changes and Paychecks

DEFENDANT'S EXHIBIT

I have received a copy of each of the documents checked above. The policies and procedures of Pemco World Air Services are listed in the Corporate Policy and Division Standard Practices (DSP) manuals, and in the applicable Statement of Policy for the Dothan Facility. Updated DSPs are located throughout the facility (DSP Manuals are located in all: hangars; the strip rack; back shops; Directors' Offices; the administrative offices break room of hangar 6; and the Human Resources Department). It is my responsibility to comply with all applicable Pemco-Dothan policies and procedures.

My employment at Pemco is based on the "at will" principle. Nothing in this summary shall establish contract with me. Policies and benefits described are subject to change at the discretion of the company. Nothing contained herein shall be construed to guarantee the benefits described or to require the company to follow the procedures provided. This summary supersedes prior summaries.

_____
Employee Signature and Badge Number

*Oct. r, 2003*
Date



## SAFETY GLASSES
### New Hire Orientation

The use of Personal Protective Equipment (PPE) in the workplace is a mandatory requirement placed on companies by OSHA. It makes good sense for an employer to provide adequate protection from work-related dangers for all employees. An employee that is not hurt on the job helps the Company keep production steady and the cost of Worker's Compensation claims down. It makes better sense for an employee to protect themselves from these dangers as well, so that they do not needlessly suffer from any pain that a temporary or permanent injury may inflict.

The Tool Crib or Safety Office located in Hangar #2 or the Fire Department are the locations where an employee can receive a pair of safety glasses, or replace a damaged pair.

**Safety glasses must be worn in all areas where the potential for an eye injury might exist.**

The following are examples of activities that require the use of safety glasses, or face shields —

1. Any cutting, grinding, drilling, polishing, riveting, or related activities involving metal, fiberglass, phenolic, plastic, or masonry materials. Any type of process that generates small particles or shavings that could enter the eye in any work area is subject to this requirement.
2. Any transferring or use of chemicals in all work areas. Acids, alodine, caustics, strippers, solvents, paint, Skydrol, etc., are examples but are not a complete list.
3. Any area where the potential of an eye injury exists due to objects falling from above, or from work activities of other employees.
4. Any work involving the cleaning of materials or work areas using compressed air.

Failure to comply with this policy will result in the following DISCIPLINE —

1st offense – Verbal Warning
2nd offense – Written Warning
3rd offense – 3 Day Suspension
4th offense – Termination

Certification – I have read and fully understand the requirements and consequences concerning the use of safety glasses while working at Pemco-Dothan.

_WILFREDO S. CAMACHO_
Print Name

_113774_
Badge Number

HR Form S-201PD-Safety Glasses09/24/2001

Signature

_Oct 7, 2003_
Date

## STATEMENT FOR ISSUED SAFETY GLASSES

As part of our company policy, we will supply you with two pair of safety glasses upon hire (One pair of clear and one pair of tinted). By signing this statement you will be agreeing to the following:

1. I have received my two initial pair of safety glasses (1 pair of clear and 1 pair of tinted) during my orientation process.
2. If my glasses are defective or scratched, I must exchange them for a new pair as required by Standard Safety Practice 200.05.
3. If I need new safety glasses and do not have a pair to exchange, I must purchase them at current company purchase price.
4. I can not exchange clear safety glasses for tinted or tinted for clear. The exchange will be for the same type of safety glasses.

Employee Name (print): WILFREDO S. CAMACH

Employee Signature: _____

Badge #: 113774

Date: 10/1/03

DEFENDANT'S EXHIBIT

**PEMCO WORLD AIR SERVICES**
100 Pemco Drive
Dothan, AL 36303
(334) 983-4571

TO
K evans

FROM

SUBJECT
Re: work ethics/time management

DATE
12 DEC 03

MESSAGE:

Mr. W. Rencisko Badge 113724 has been verbally counseled on our requirements to maintain budget on work orders.

His abilities at this time are not up to the standards required to deliver to our customers on time the and his position as an "A" mechanic burdens those working with him, as they are tasked to take up the slack.

REPLY

ORIGINATOR DO NOT WRITE BELOW THIS LINE M.Q.

REPLY TO ——— SIGNED [signature] 63723

DATE                                                    SIGNED

SEND PARTS 1 AND 3 INTACT-PART 1 WILL BE RETURNED WITH REPLY

**RETURN TO ORIGINATOR**





00595

**PEMCO WORLD AIR SERVICES**
100 Pemco Drive
Dothan, AL 36303
(334) 983-4577

TO: _Clark Bird / Katie Woods / HR_

SUBJECT: _illegible_

DATE: _Protected_

MESSAGE: _(handwritten, largely illegible)_

REPLY:
_T. Gomez_
_SHOP STEWARD_
_29 OCT 04_

SIGNED: _illegible_    DATE: _illegible_

SEND WHITE AND PINK COPIES INTACT. WHITE COPY WILL BE RETURNED TO YOU WITH REPLY.
SEND PARTS AND ATTACHED — INTACT, PINK COPY WILL BE RETURNED WITH REPLY.

**LEAVE OF ABSENCE NOTICE**
# PEMCO WORLD AIR SERVICES
### DOTHAN, ALABAMA

Name WS Camacho Badge No. 13774    Dept. No. 0200    Date 6-22-04

I Request a Leave of Absence of _____ 20 _____ Days

Beginning 6-22 19 2004 Through 7-11 19 2004

Reason: Death in family. He needs to go to the Philippines

Employee's Signature not Avail-Lore Sman

APPROVED ☒    DISAPPROVED ☐

Reason: _____

Approvals

_____
Immediate Supervisor

_____
Job Research Supervisor

_____
Dept. Head

Houston Printing Co., Inc., Dothan, AL • (334) 792-6651 • Form IR-280  18675  Rev. 12/95



DEFENDANT'S EXHIBIT

R/O


**PEMCO World Air Services**
A Precision Standard Company
Dothan Facility

**EMPLOYEE'S FIRST REPORT OF INCIDENT**
**FORM S-1010PD**

## THIS REPORT MUST BE FILLED OUT WITHIN 24 HOURS OF INCIDENT

EMPLOYEE'S NAME _Wilfredo Camacho_ D.O.B. _6/4/58_ BADGE # _113774_

SOCIAL SECURITY # _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_ CLASSIFICATION _A+P_ HIRE DATE _10/1/03_ DEPT. # _3200_

HOME ADDRESS _1608 Saddlebrook LN. Jacksonville, FL._ PHONE # _904-781-1224_

MARITAL STATUS: ☐ SINGLE ☑ MARRIED ☐ DIVORCED ☐ SEPARATED ☐ WIDOWED DEPENDENTS: _2_

PLACE ACCIDENT OCCURRED _Hgr 15_ TIME _1630_ DATE _10/29/04_

WHAT WAS THE EMPLOYEE DOING AT THE TIME OF THE INCIDENT? _Working c Gilliner_
_fiberglass_

WHO WITNESSED THE INCIDENT? _N/A_

DESCRIBE THE INCIDENT (Include details) _Employee has small sores_
_on arms + legs possibly from Fiberglass_

DESCRIBE WHAT PART OF THE BODY WAS INVOLVED _L + R arms + legs_

DID YOU RECEIVE MEDICAL TREATMENT? _R/O_ IF YES, FROM WHOM & WHERE? _____

_Dwayne Music_                    _[signature]_          _10/29/04_
NAME OF SUPERVISOR                 SIGNATURE OF EMPLOYEE           DATE

## COMPLETE THE FOLLOWING FOR EYE INJURIES ONLY

WAS EYE PROTECTION REQUIRED? ☐ YES ☐ NO .... IF YES, WAS EYE PROTECTION USED? ☐ YES ☐ NO

NAME THE OBJECT OR SUBSTANCE THAT DIRECTLY CAUSED THE INJURY TO THE EYE(S) _____

## HEALTH SERVICES DEPARTMENT

CONTROL NUMBER _____        **TYPE OF INJURY CODES** – Circle One

**A** = ABRASION  **B** = BURN (Not Chemical)  **C** = CONTUSION  **D** = DISTRESS (RESPIRATORY, OR HEAT RELATED)

**E** = EYE INJURY  **F** = FRACTURE (Broken Bone)  **G** = PUNCTURE  **I** = INSECT BITE (STING)  **L** = LACERATION (CUT)

**O** = OTHER  **P** = PINCH (SMASHED)  **R** = REACTION/SKIN IRRITATION (Chemical burn/Allergen)  **S** = SPRAIN/STRAIN

INITIAL TREATMENT _____

FOLLOW UP TREATMENT _____

REFERRAL TREATMENT _____

HEALTH SERVICES REPRESENTATIVE _____ DATE _____

Form S-1010PD

DEFENDANT'S EXHIBIT



**PEMCO** **World Air Services**
*A Precision Standard Company*
*Dothan Facility*

## SUPERVISOR'S INCIDENT REPORT (INJURY)
### FORM S-1000PD

### TO BE COMPLETED BY THE MEDICAL SECTION

NAME OF INSURED _____ BADGE _____ DEPT. _____ DATE _____

CLASSIFICATION _____ AGE _____ SEX _____ SSN _____

DESCRIPTION OF INJURY _____

CONTROL NUMBER _____ SEVERITY: ☐ FIRST AID   ☐ DOCTOR   ☐ LOST TIME CASE

### TO BE COMPLETED BY EMPLOYEE'S IMMEDIATE SUPERVISOR

PLACE ACCIDENT OCCURRED _Hangar 15_   TIME _1730_ DATE _10/29/04_

WHAT JOB WAS BEING PERFORMED? (be specific) _Working Bag Bins_

HOW DID ACCIDENT OCCUR? (describe fully) _While working in the Bag Bins installing Fiberglass bill liners he complains of the Fiberglass irritating His skin._

NAME THE OBJECT OR SUBSTANCE WHICH DIRECTLY INJURED THE EMPLOYEE _Fiberglass Gill Liner_

WHAT WERE THE CONDITIONS? _Good_

WAS PERSONAL PROTECTIVE EQUIPMENT REQUIRED? (describe kind) _Tyfac coveralls. None_

WAS PROTECTIVE EQUIPMENT BEING USED?   ☒ YES   ☐ NO

DESCRIBE ANY UNSAFE CONDITION THAT CONTRIBUTED TO THE ACCIDENT _None_

WHAT CORRECTIVE ACTION SHOULD BE TAKEN TO PREVENT RECURRENCE? _None_

WHAT ACTION HAVE YOU TAKEN? _____

NAME OF WITNESS _____

SUPERVISOR'S SIGNATURE _____   DATE _3 NOV 04_

### TO BE COMPLETE BY THE DEPARTMENT HEAD

IS THIS INVESTIGATION COMPLETE TO YOUR SATISFACTION?   ☐ YES   ☐ NO

WAS RECOMMENDED ACTION TAKEN?   ☐ YES   ☐ NO

IF NO, WHY NOT? _____

DEPARTMENT HEAD SIGNATURE _____ DATE _____

Form S-1000PD

DEFENDANT'S EXHIBIT



**PEMCO** **World Air Services**
*A Precision Standard Company*
**Dothan Facility**

**EMPLOYEE'S FIRST REPORT OF INCIDENT**
**FORM S-1010PD**

## THIS REPORT MUST BE FILLED OUT WITHIN 24 HOURS OF INCIDENT

EMPLOYEE'S NAME _Wilfredo Camacho_ D.O.B. _7/4/58_ BADGE # _113774_

SOCIAL SECURITY # _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_ CLASSIFICATION _Mech_ HIRE DATE _10/1/03_ DEPT. # _3200_

HOME ADDRESS _1608 Saddlebrook L.N. Jacksonville_ PHONE # _793-5899_

MARITAL STATUS: ☐ SINGLE ☑ MARRIED ☐ DIVORCED ☐ SEPARATED ☐ WIDOWED DEPENDENTS: _2_

PLACE ACCIDENT OCCURRED _Hgr 15_ TIME _1730_ DATE _10/29/04_

WHAT WAS THE EMPLOYEE DOING AT THE TIME OF THE INCIDENT? _Working c̄ fiberglass_

WHO WITNESSED THE INCIDENT? _N/A_

DESCRIBE THE INCIDENT (Include details) _employee is having skin sores from working c̄ fiberglass_

DESCRIBE WHAT PART OF THE BODY WAS INVOLVED _arms + legs_

DID YOU RECEIVE MEDICAL TREATMENT? _yes_ IF YES, FROM WHOM & WHERE? _From Primecare_

_Dewayne Music_
NAME OF SUPERVISOR                          SIGNATURE OF EMPLOYEE                          DATE

## COMPLETE THE FOLLOWING FOR EYE INJURIES ONLY

WAS EYE PROTECTION REQUIRED? _N/A_ ☐ YES ☐ NO . . . . IF YES, WAS EYE PROTECTION USED? ☐ YES ☐ NO

NAME THE OBJECT OR SUBSTANCE THAT DIRECTLY CAUSED THE INJURY TO THE EYE(S)_____

## HEALTH SERVICES DEPARTMENT

CONTROL NUMBER_____          <u>TYPE OF INJURY CODES</u> – Circle One

**A** = ABRASION   **B** = BURN (Not Chemical)   **C** = CONTUSION   **D** = DISTRESS (RESPIRATORY, OR HEAT RELATED)

**E** = EYE INJURY   **F** = FRACTURE (Broken Bone)   **G** = PUNCTURE   **I** = INSECT BITE (STING)   **L** = LACERATION (CUT)

**O** = OTHER   **P** = PINCH (SMASHED)   **R** = REACTION/SKIN IRRITATION (Chemical burn/Allergen)   **S** = SPRAIN/STRAIN

INITIAL TREATMENT _Ref. to Primecare_

FOLLOW UP TREATMENT _Return paperwork to Pemco_

REFERRAL TREATMENT_____

HEALTH SERVICES REPRESENTATIVE _Daniel J A_ DATE _11/3/04_

Form S-1010PD

DEFENDANT'S EXHIBIT 10



**PrimeCare**
OCCUPATIONAL MEDICINE

301 Westgate Parkway, Ste. 2 • P.O. Box 8397
Dothan, Alabama 36304-0397
Phone: (334) 836-0004
Fax: (334) 671-0220

J. STEVE SHERRER, M.D.
JOSEPH H. SEWELL, M.D.
FIONA A. MASTERS, M.D.
MICHAEL A. WILLIAMS, D.O.
KENNETH F. COX, PA-C
KELLY DAUS, PA-C

*OK'd by Danny*

## WORK STATUS REPORT

Patient Name __Wilfredo Camacho__    Date: __11/03/04__

Employer __Pemco World Air Svcs.__

Date of Injury __10/28/04__    Time In: __11:38 Am__

Diagnosis __Contact Dermatitis__    Time Out: __12:02 p__
__from Fiberglass__

**Type of Treatment:**
- ☑ Examination
- ☐ X-Ray
- ☐ Lab
- ☐ Splint
- ☐ Suture
- ☐ Eye Patch
- ☐ Medication
- ☐ Suture Removal

**Drug Screen:**
- ☑ Initial Treatment    ☐ Yes
- ☐ Follow Up    ☑ No
- ☐ Not Work Related

**Disposition:**
- ☐ Able to work - no restrictions
- ☑ Able to work - with following restrictions
  - ☐ Must keep dressing clean and dry
  - ☐ Limited use of _____ hand.
  - ☐ No exposure to solvents or chemicals
  - ☐ No food handling
  - ☐ No lifting
  - ☐ May lift up to _____ lbs.
  - ☐ No prolonged standing or walking
  - ☐ No climbing, bending or stooping
- ☐ Unable to work
- ☐ Unable to work until evaluation by: _____
  - ☐ No work near hazardous or moving machinery
  - ☐ No work requiring use of both eyes (driving, climbing, etc.)
  - ☐ Activities As Tolerated

Other __limit exposure to Fiberglass if possible__

List of Medication __Zyrtec @ 10mg 1x0 WHS #30 RF2__
__Elidel cream Apply BID LOGR RF2__
__Triamcinolone cream 1% Apply BID 806__

- ☐ Follow Up Appt. Date __2 weeks__    Time: __11/17/04  RF2__
- ☐ Release from follow-up care _____    Time: _____

Physician's Comments: _____

- ☐ Referral To _____    Date: _____
- Address _____    Time: _____
- ☐ Physician _____

Signed __J H Sewell__, M.D.

## PLEASE RETURN THIS FORM TO YOUR EMPLOYER



**PrimeCare**
OCCUPATIONAL MEDICINE

301 Westga' Parkway, Ste. 2 • P.O. Box 8397
Dothan, Alabama 36304-0397
Phone: (334) 836-0004
Fax: (334) 671-0220

J. STEVE SHERRER, M.D.
'OSEPH H. SEWELL, M.D.
ONA A. MASTERS, M.D.
CHAEL A. WILLIAMS, D.O.
KENNETH F. COX, PA-C
KELLY DAUS, PA-C

## WORK STATUS REPORT

Patient Name __WILFREDO SILVA CAMACHO__      Date: __11/17/04__

Employer __PEMCO__

Date of Injury _____      Time In: __3:30 P__

Diagnosis __Contact Irritant Fiberglass__      Time Out: __5:10 p__

**Type of Treatment:**

[X] Examination  [ ] X-Ray  [ ] Lab  [ ] Splint      [ ] Initial Treatment

[ ] Suture  [ ] Eye Patch  [ ] Medication      [X] Follow Up

[ ] Suture Removal      [ ] Not Work Related

**Drug Screen:**
[ ] Yes
[ ] No

**Disposition:**

[ ] Able to work - no restrictions      [ ] Unable to work

[X] Able to work - with following restrictions      [ ] Unable to work until evaluation by: _____

[ ] Must keep dressing        [ ] No lifting        [ ] No work near hazardous
clean and dry        [ ] May lift up to _____ lbs.        or moving machinery
[ ] Limited use of _____ hand.        [ ] No prolonged standing        [ ] No work requiring use of both
[ ] No exposure to solvents        or walking        eyes (driving, climbing, etc.)
or chemicals        [ ] No climbing, bending        [ ] Activities As Tolerated
[ ] No food handling        or stooping

Other __* Limit exposure to Fiberglass by protecto__
__gear to limit skincontact__

List of Medication __Zyrtec, Elidso, Triamcidos__

[X] Follow Up Appt. Date __PRN__ | Time: __8:__

[ ] Release from follow-up care __11/17/04__ | Time: __5:10 pm__

Physician's Comments: _____

[ ] Referral To _____        Date: _____
Address _____        Time: _____
[ ] Physician _____

DEFENDANT'S
EXHIBIT

Signed __Jlt Sewell__ , M.D.

**PLEASE RETURN THIS FORM TO YOUR EMPLOYER**

USBPI - Re-order #11264 Rev. 11.03

Wilfredo Camacho 001808

11-17-04

CHIEF COMPLAINT: Patient presents with contact irritation from fiberglass improved.

SUBJECTIVE: Patient is a 46-year-old Hispanic male having some irritation on forearms from exposure to fiberglass at work. Patient has been restricting his activities by employer. Reports that symptoms have improved. Is not using the Zyrtec, Triamcinolone cream, or Elidel as instructed. Was hoping just to limit exposure and see if his symptoms improved. Had discussed with patient at length that fiberglass reaction will cause

irritation limiting exposure is the most important piece of this. I am trying to use any kind of equipment to limit exposure using emollients or Vaseline on the arms may also reduce risk for irritation. Also discussed that if he is not able to limit exposure he may choose to find other employment. Also feels like he has caused a little bit of irritation of his eyes and his lungs. The patient is not currently having wheezing. Past medical history, social history, family history reviewed and updated. ROS as above, indicated.

PHYSICAL EXAMINATION: WDWN male. Alert and interactive. TM's clear bilaterally. Mild erythema in nasal mucosa. Normal OP.

Neck supple. Full ROM without cervical lymphadenopathy and without thyromegaly. Heart RRR. Lungs bilateral breath sounds clear to auscultation. Abdomen: Soft, non-tender, and non-distended. Positive bowel sounds. Noting slightly hyperpigmented areas of skin on bilateral forearms. The seem to be healing in from previous visit.

ASSESSMENT/PLAN: 1. Contact irritation secondary to fiberglass particles. The patient instructed to try and limit exposure. Use of emollients to keep the particles off of his skin. Use some protective clothing. If continues to have problems he may choose

to find other employment. The patient is to follow-up prn.

Dictated but not reviewed: Joseph H. Sewell, M.D./dl

Date dictated: 11/17/04

Date transcribed: 11/23/04



**PrimeCare**
OCCUPATIONAL MEDICINE

301 Westgate Parkway, Ste. 2 • P.O. Box 8397
Dothan, Alabama 36304-0397
Phone: (334) 836-0004
Fax: (334) 671-0220

STEVE SHERRER, M.D.
JOSEPH H. SEWELL, M.D.
FIONA A. MASTERS, M.D.
MICHAEL A. WILLIAMS, D.O.
KENNETH F. COX, PA-C
KELLY DAUS, PA-C

## WORK STATUS REPORT

Patient Name  WILFREDO SILVA CAMACHO          Date: 11/17/04

Employer  PEMCO

Date of Injury

Diagnosis  Contact (...)

Time In: 3:30 P
Time Out: 5:10 p

**Type of Treatment:**
- [x] Examination
- [ ] X-Ray
- [ ] Lab
- [ ] Splint
- [ ] Suture
- [ ] Eye Patch
- [ ] Medication
- [ ] Suture Removal

- [ ] Initial Treatment
- [x] Follow Up
- [ ] Not Work Related

**Drug Screen:**
- [ ] Yes
- [ ] No

**Disposition:**
- [ ] Able to work - no restrictions
- [x] Able to work - with following restrictions
- [ ] Unable to work
- [ ] Unable to work until evaluation by:_____

- [ ] Must keep dressing clean and dry
- [ ] Limited use of_____ hand.
- [ ] No exposure to solvents or chemicals
- [ ] No food handling

- [ ] No lifting
- [ ] May lift up to _____ lbs.
- [ ] No prolonged standing or walking
- [ ] No climbing, bending or stooping

- [ ] No work near hazardous or moving machinery
- [ ] No work requiring use of both eyes (driving, climbing, etc.)
- [ ] Activities As Tolerated

Other  * Limit exposure to Fiberglass by protective gear to limit skin contact  Zyrtec 1 bid (...)

List of Medication  NO Exposure to Fiberglass.

- [ ] Follow Up Appt. Date  PRN 11/17/04          Time:  5:10 pm
- [ ] Release from follow-up care  11/17/04          Time:  5:10 pm

Physician's Comments: _____

- [ ] Referral To _____          Date: _____
      Address _____          Time: _____
- [ ] Physician _____

DEFENDANT'S EXHIBIT

Signed  Jh Sewell          , M.D.

**PLEASE RETURN THIS FORM TO YOUR EMPLOYER**

USBEL: Re-order #17204. REV 11/03



**PrimeCare**
OCCUPATIONAL MEDICINE

301 Westgate Parkway, Ste. 2 • P.O. Box 8397
Dothan, Alabama 36304-0397
Phone: (334) 836-0004
Fax: (334) 671-0220

J. STEVE SHERRER, M.D.
JOSEPH H. SEWELL, M.D.
FIONA A. MASTERS, M.D.
MICHAEL A. WILLIAMS, D.O.
KENNETH F. COX, PA-C
KELLY DAUS, PA-C

## WORK STATUS REPORT

Patient Name _Wilfred SilvaCamacho_       Date: _11-19-4_

Employer _Pemco_

Date of Injury _10-8-04_       Time in: _8:36 a.m_

Diagnosis _Contact Dermatitis_       Time Out: _____

_Ammended – 11-17-04_

**Type of Treatment:**
☐ Examination   ☐ X-Ray   ☐ Lab   ☐ Splint
☐ Suture   ☐ Eye Patch   ☐ Medication
☐ Suture Removal

**Drug Screen:**
☐ Initial Treatment   ☐ Yes
☐ Follow Up   ☐ No
☐ Not Work Related

**Disposition:**
☐ Able to work - no restrictions
☒ Able to work - with following restrictions
   ☐ Must keep dressing clean and dry
   ☐ Limited use of _____ hand.
   ☐ No exposure to solvents or chemicals
   ☐ No food handling

☐ No lifting
☐ May lift up to _____ lbs.
☐ No prolonged standing or walking
☐ No climbing, bending or stooping

☐ Unable to work
☐ Unable to work until evaluation by: _____
☐ No work near hazardous or moving machinery
☐ No work requiring use of both eyes (driving, climbing, etc.)
☐ Activities As Tolerated

Other _PT ADVISED TO WEAR PROTECTIVE GEAR TO_
_LIMIT CONTACT WITH FIBERGLASS_

List of Medication _____

☐ Follow Up Appt. Date _____   Time: _____
☐ Release from follow-up care _____   Time: _____

Physician's Comments: _____

☐ Referral To _____   Date: _____
   Address _____   Time: _____
☐ Physician _____

Signed _J. Sewell_ , M.D.

## PLEASE RETURN THIS FORM TO YOUR EMPLOYER

USBPI - Re-order #11264 Rev. 11.03



**PrimeCare**
Occupational Medicine   361 Westgate Parkway, Ste. # 2 • P.O. Box 6397 • Dothan, Alabama 36304-0397

**PHYSICIAN STAFF**

**J. STEVE SHERRER, M.D.**
FAMILY MEDICINE
BOARD CERTIFIED
CERTIFIED MEDICAL REVIEW OFFICER

**ADMINISTRATION**

**CHRISTIE MCLEAN**
OFFICE MANAGER

**AMY BRINKLEY**
OCCUPATIONAL MEDICINE
COORDINATOR

November 19, 2004

*VIA Fax #: 983-7046*
Pemco

RE:    Wilfredo Camacho
       DOB: 06/04/58

To Whom It May Concern:

Mr. Wilfredo Camacho has been advised to wear protective gear to
limit skin contact exposure to fiberglass, secondary to contact
dermatitis from fiberglass particles.

If you have any questions please do not hesitate to contact me at the
address provided above.

Sincerely,

Joseph H Sewell mo

Joseph H. Sewell, M.D.

PHONE (334) 836-0004

FAX (334) 671-0220

WEBSITE
www.primecaredothan.com

Email:
abrinkley@primecaredothan.com

**The Daleville Clinic**
144 Virginia Avenue, Suite A
P.O. Box 635
Daleville, Alabama 36322-0635
PHONE (334) 503-9900
FAX (334) 598-1837

| DIVISION STANDARD PRACTICE (DSP) | | |
|---|---|---|
| **SUBJECT: HARASSMENT**<br>**(Including SEXUAL HARASSMENT)** | **NUMBER: 0400.02**<br>**ISSUE: NEW**<br>**SUPPLEMENT:** | **DATE: 04/06/04**<br>**PAGE: 1 OF 7** |

**1.0**   **PURPOSE**

The purpose of this procedure is to establish the guidelines and state Pemco-Dothan's (Pemco World Air Services, Dothan Facility) policy of zero tolerance of Harassment (which includes Sexual Harassment) in the workplace. Therefore, this procedure will:

- ◆   **Define harassment and sexual harassment;**

- ◆   **Provide a program aimed at preventing harassment;**

- ◆   **Establish resolution procedures;**

- ◆   **Provide procedures to investigate allegations of harassment; and**

- ◆   **Require the preparation of a written report of the findings and recommendations based on the investigation.**

NOTE: *Pemco-Dothan treats every allegation very seriously, and is sensitive to the potential damage that can result from false or malicious allegations. False and malicious complaints of harassment, discrimination or retaliation as opposed to complaints which, even if erroneous, are made in good faith, may be the subject of appropriate disciplinary action.*

**2.0**   **POLICY**

This procedure is established pursuant to Corporate Policy §4.53 "Harassment" and Corporate Policy §3.22 "Equal Employment Opportunity," and is consistent with Title VII of the Civil Rights Act of 1964, and all other Acts and Laws related to nondiscrimination on the basis of race, color, sex, religion, and national origin. Pemco-Dothan considers harassment to be a serious offense and will, thoroughly investigate and resolve any alleged incidents of harassment.

**3.0**   **SCOPE**

This procedure is applicable to all employees of Pemco-Dothan.

**4.0**   **PROCEDURE**

**4.1**   **HARASSMENT (Defined)** – harassment is verbal or physical conduct that degrades or shows hostility or aversion toward an individual because of his/her race, color, religion, sex, sexual orientation, national origin, age, disability, marital status, citizenship or any other characteristic protected by law or that of his/her relatives, friends or associates, and that: (i) has the purpose or effect of creating an intimidating, hostile or offensive work environment; (ii) has the purpose or effect of unreasonably interfering with an individual's work performance; or (iii) otherwise adversely affects an individual's employment opportunities.

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

# DIVISION STANDARD PRACTICE (DSP)

| | |
|---|---|
| SUBJECT: HARASSMENT<br>(Including SEXUAL HARASSMENT) | NUMBER: 0400.02  DATE: 04/06/04<br>ISSUE: NEW    PAGE: 2 OF 7<br>SUPPLEMENT: |

    **4.1.1** <u>**Harassing Conduct**</u> – includes, but is not limited to: epithets, slurs or negative stereotyping; threatening, intimidating or hostile acts; degrading jokes; and written or graphic material that degrades or shows hostility or aversion toward an individual or group and that is brought to the employer's premises and displayed or circulated in the workplace.

**4.2** <u>**SEXUAL HARASSMENT**</u> **(Defined)** – Is any unwanted sexual attention of a persistent or offensive nature made by a person who knows, or reasonably should know, that such attention is unwanted. Sexual harassment includes sexually oriented conduct that is sufficiently pervasive or severe to unreasonably interfere with an employee's job performance or create an intimidating, hostile or offensive working environment. Sexual harassment may include a range of subtle and not so subtle behaviors and may involve individuals of the same or different gender. Depending on the circumstances, these behaviors may include, but are not limited to:

➔ **Promising, directly or indirectly, an employee a reward, if the employee complies with a sexually oriented request;**

➔ **Threatening, directly or indirectly, to retaliate against an employee, if the employee refuses to comply with a sexually oriented request;**

➔ **Denying, directly or indirectly, an employee an employment-related opportunity, if the employee refuses to comply with a sexually oriented request;**

➔ **Sexual jokes and innuendo;**

➔ **Verbal abuse of a sexual nature;**

➔ **Commentary about an individual's body, sexual prowess or sexual deficiencies;**

➔ **Leering, whistling or touching;**

➔ **Insulting or obscene comments or gestures;**

➔ **Engaging in sexually suggestive physical contact or touching another employee in a way that is unwelcome;**

➔ **Displaying, storing, or transmitting pornographic or sexually oriented materials using Pemco equipment, facilities or on Pemco premises;**

➔ **Making sexual or romantic advances toward an employee and persisting despite the employee's rejection of the advances.**

    **4.2.1** Sexual harassment can be physical and/or psychological in nature. An aggregation of a series of incidents can constitute sexual harassment even if one incident, on its own, would not be considered harassing.

---

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

## DIVISION STANDARD PRACTICE (DSP)

| | | |
|---|---|---|
| **SUBJECT: HARASSMENT**<br>    **(Including SEXUAL HARASSMENT)** | **NUMBER: 0400.02**<br>**ISSUE: NEW**<br>**SUPPLEMENT:** | **DATE: 04/06/04**<br>**PAGE: 3 OF 7** |

4.2.2 Employees are prohibited from harassing other employees, or someone not directly connected to Pemco-Dothan (an outside vendor, consultant or customer), whether or not the incidents of harassment occur on Pemco-Dothan's premises and whether or not the incidents occur during working hours.

4.2.3 Sexual harassment can involve males or females being harassed by members of either sex. Although sexual harassment typically involves a person in a greater position of authority than the person harassed, individuals in positions of lesser or equal authority also can be found responsible for engaging in prohibited harassment.

4.2.4 Conduct prohibited by this procedure is unacceptable in the workplace and in any work-related setting outside the workplace, such as during business trips, business meetings and business-related social events.

### 4.3    PREVENTION PROGRAM

4.3.1 **Harassment Training** will be provided to all supervisory personnel at hiring, or upon promotion to supervisory status, and annually thereafter.

4.3.2 **Employee Awareness**

4.3.2.1 Harassment information posters will be placed on Company bulletin boards. The Posters will contain the names and phone numbers of Harassment Complaint Contact Points – (See Supplement **A** of this procedure).

4.3.2.2 This procedure will be reviewed and revised as necessary and any changes which affect employee awareness or reporting procedures will be disseminated to employees using the methods defined in ¶4.3.2.1 or ¶4.3.2.2 above.

4.3.3 Any Supervisor involved in a personal, romantic relationship with any non-supervisory employee or an employee of a lower supervisory rank is required to inform the Director of Human Resources in writing of the existence of such relationship and the identity of the person with whom he or she is involved. Such notification shall be treated as confidential by the Director of Human Resources. Failure by the supervisor to provide such notification will subject the individual to disciplinary action up to and including dismissal.

### 4.4    RESOLUTION PROCEDURES

4.4.1 Employees often can stop or prevent harassment or sexual harassment by immediately and directly expressing their disapproval of an individual's sexually oriented attention or conduct. If the harassing or offensive behavior continues, it should be reported to the Director of Human Resources, Jim Battcher (ext. 7007)

---

# DIVISION STANDARD PRACTICE (DSP)

| SUBJECT: HARASSMENT (Including SEXUAL HARASSMENT) | NUMBER: 0400.02   DATE: 04/06/04 ISSUE: NEW   PAGE: 4 OF 7 SUPPLEMENT: |
|---|---|

or Gerri Paulk, Benefits Coordinator (ext. 7262) or their designated contact, or their manager (as long as they are not the alleged harasser), or Corporate Counsel.

**4.4.2** Supervisors are to forward **all** reports of harassment to the Director of Human Resources prior to taking any action. Supervisors should also notify the Director of Human Resources if they suspect harassment, even if no employee complaint has been filed.

**4.4.3** All reports or complaints of harassment will be investigated by the Director of Human Resources and the harassment investigative team.

**4.4.4** Employees who feel they have been harassed will be asked to provide a written statement of the facts with as much of the following information as possible: (Employees will be assured their statements will be treated confidentially.)

★ The name, department, and position of the person or persons allegedly causing the harassment/sexual harassment;

★ A description of the incident(s), including the date(s), location(s), and the presence of any witnesses;

★ The alleged effect of the incident(s) on the accuser's position, salary, benefits, promotional opportunities, or other terms or conditions of employment;

★ The names of other employees who might have been subject to the same or similar harassment/sexual harassment;

★ The steps the accuser has taken to try to stop the harassment/sexual harassment; and

★ Any other information the accuser believes to be relevant to the harassment/sexual harassment complaint.

**4.4.5** A Harassment Complaint Form will be made available to assist the employee in filing a written statement (see Supplement **B** for a complaint form that can be photocopied as needed). If the employee requests assistance in filing the written complaint, the Director of Human Resources will provide it.

**4.4.6** Retaliation against an individual for reporting harassment or discrimination or for participating in an investigation of a claim of harassment or discrimination is a serious violation of this procedure and, like harassment or discrimination itself, will be subject to disciplinary action. Acts of retaliation should be reported immediately to the Director of Human Resources who, after investigating, will take appropriate action.

## DIVISION STANDARD PRACTICE (DSP)

| SUBJECT: HARASSMENT (Including SEXUAL HARASSMENT) | NUMBER: 0400.02  DATE: 04/06/04  ISSUE: NEW  PAGE: 5 OF 7  SUPPLEMENT: |
|---|---|

### 4.5  INVESTIGATION

**4.5.1**  Pemco reserves the right to transfer the complainant to another work area during the investigation. This action will be taken only in those instances when it is believed to be in the best interest of the complainant.

**4.5.2**  An impartial investigation by trained harassment investigators will begin as soon as practical after a complaint has been made, but in no more than 72 hours.

**4.5.3**  The investigation will be conducted in accordance with guidelines which have been established to determine the facts as quickly as possible, while maintaining confidentiality and protecting the reputations of employees as much as possible.

**4.5.4**  The investigative team will provide the Director of Human Resources a written report and recommendations as soon as possible after the conclusion of their investigation, but within no more than 10 working days.

**4.5.5**  The Director of Human Resources will inform the accuser and the accused of the results of the investigation , within 72 hours of receiving the investigation report.

### 4.6  DISCIPLINE

**4.6.1**  Employees who have been found to have engaged in harassing behavior will be disciplined in accordance with Company Rules #49, "Sexual Harassment", and #52, "Unethical Conduct" [which includes Harassment"], in Supplement **A** of DSP §0400.04, and Corporate Policy §4.53, (Harassment).

**4.6.2**  The level of discipline appropriate for the offense will be determined by the President and Director of Human Resources in consultation with Corporate Counsel.

### 4.7  CONFIDENTIALITY

**4.7.1**  All inquiries, complaints, and investigations are treated confidentially. Information is revealed strictly on a need-to-know basis.

**4.7.2**  Information contained in a formal complaint is kept confidential. However, the identify of the accuser usually is revealed to the accused and witnesses. The Director of Human Resources will take steps to ensure that the accuser is protected from retaliation at any time after a complaint has been filed.

**PEMCO WORLD AIR SERVICES
DOTHAN, ALABAMA FACILITY**

# DIVISION STANDARD PRACTICE (DSP)

| | |
|---|---|
| SUBJECT: HARASSMENT (Including SEXUAL HARASSMENT) | NUMBER: 0400.02  DATE: 04/06/04<br>ISSUE: NEW  PAGE: 6 OF 7<br>SUPPLEMENT: |

4.7.3  All information pertaining to a sexual harassment complaint or investigation is maintained by the Director of Human Resources in secure files.

4.7.4  No record of a complaint is kept in the accuser's personnel file. However, a cross reference may be included in such file which will indicate additional personnel information of a sensitive nature is available, on a need-to-know basis, after approval by the Director of Human Resources.

4.7.5  The Director of Human Resources will explain the procedures for handling information related to sexual harassment complaints and investigations to the accuser and accused.

## 5.0 RESPONSIBILITIES

5.1  **Employees** – If an employee believes that he or she has been subjected to harassment, sexual harassment, or unwanted sexual attention, they should:

5.1.1  Make their disapproval and/or unease directly and immediately known to the harasser;

5.1.2  Make a written record of the date, time, and nature of the incident(s) and the names of any witnesses;

5.1.3  Report the incident to: one of the two Harassment Complaint Contact Points (See Supplement A of this procedure);

**NOTE: A person can report the incident to their immediate supervisor as long as this is not the alleged harasser.**

5.1.4  Incidents of harassment, sexual harassment, or inappropriate sexual conduct should be reported regardless of their seriousness.

5.2  **Supervisors** must deal expeditiously and fairly with allegations of harassment/sexual harassment within their departments whether or not there has been a written or formal complaint. Supervisors must:

5.2.1  Be ever vigilant for potentially harassing behavior by all employees, not only those under his or her immediate control. Should such behavior be noticed, the supervisor must immediately bring it to the attention of the individual and the individual's immediate supervisor. The supervisor should document whatever action is taken and, in a timely manner, provide a copy to the Director of Human Resources.

5.2.2  Ensure that harassment or inappropriate sexually oriented conduct is reported to one of the two Points of Contact for Harassment (See Supplement A of this procedure or refer to the harassment posters located throughout the facility).

---

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

# DIVISION STANDARD PRACTICE (DSP)

| SUBJECT: HARASSMENT (Including SEXUAL HARASSMENT) | NUMBER: 0400.02  DATE: 04/06/04 ISSUE: NEW  PAGE: 7 OF 7 SUPPLEMENT: |
|---|---|

5.2.3 Ensure that the Director of Human Resources is notified immediately of any reports of harassment.

5.2.4 Take corrective action to prevent prohibited conduct from reoccurring.

5.3 The **Director of Human Resources** is responsible for:

5.3.1 Developing a Harassment/Sexual Harassment procedure designed to prevent harassment and, if perpetrated, take appropriate corrective action to quickly resolve complaints.

5.3.2 Explaining Pemco-Dothan's sexual harassment policy/procedure and investigation procedures to the accuser and the accused;

5.3.3 Exploring informal means of resolving harassment or sexual harassment complaints;

5.3.4 Referring the accuser and/or the accused to Pemco-Dothan's Employee Assistance program for counseling and referral services, if appropriate;

5.3.5 Notifying the police if criminal activities are alleged; and

5.3.6 Arranging for an investigation of the alleged harassment/sexual harassment and the preparation and submission of a written report.

---

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

| DIVISION STANDARD PRACTICE (DSP) | |
|---|---|
| SUBJECT: HARASSMENT | NUMBER: 0400.02   DATE: 04/06/04 |
| (Including SEXUAL HARASSMENT) | ISSUE: NEW        PAGE: 1 OF 1 |
| | SUPPLEMENT: A |

# HARASSMENT COMPLAINT
# CONTACT POINTS

**Employees designated to receive harassment complaints are:**

**Jim Battcher**
**Director of Human Resources**
**Extension 7007**

**Gerri Paulk**
**Benefits Coordinator**
**Extension 7262**

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

| DIVISION STANDARD PRACTICE (DSP) | | |
|---|---|---|
| SUBJECT: HARASSMENT | NUMBER: 0400.02 | DATE: 04/06/04 |
| (Including SEXUAL HARASSMENT) | ISSUE: NEW | PAGE: 1 OF 1 |
| | SUPPLEMENT: B | |

Form HR-250, "COMPLAINT OF DISCRIMINATION OR HARASSMENT (Including Sexual Harassment)", is provided on the following page as a 2-sided full page exhibit without the customary Header and Footer. The purpose of this presentation is so that the form can be removed from the manual and photo-copied as needed.

---

**PEMCO WORLD AIR SERVICES**
**DOTHAN, ALABAMA FACILITY**

Derm

Wilfredo Camacho  (185770)

12/07/04

**HISTORY OF PRESENT ILLNESS:**     46 year old Asian male presents for evaluation of a rash on the face, trunk and extremities. This began the day he started a new job as an aircraft mechanic. He was exposed to fiberglass. He wore a respirator and protective clothing, but states the material was able to penetrate his clothing nonetheless. He was prescribed some medications, including Elidel and another cream he does not remember the name of. He did not use them. He was terminated from his job 11/3/04. Since that time, the rash has almost completely resolved. He has some occasional pruritus, but no other problems. He is sent for consultation today by Dr. Joseph Sewell.

**PAST MEDICAL HISTORY/MEDICATIONS/ALLERGIES:**   See patient information sheet dated 12/07/04.

**PHYSICAL EXAM:**     Well appearing pleasant male. Alert and oriented x three. Complete skin exam was performed including head, neck, chest, back, abdomen, all four extremities, scalp and hair. All of these areas were normal except as stated below. There are some hypopigmented, nummular scars, 3-4 mm on the dorsal forearms bilaterally. He has some hyperpigmented macules on the buttocks. Otherwise, his skin is completely normal.

**ASSESSMENT AND PLAN:**   Scars and postinflammatory hyperpigmentation. The primary dermatosis has resolved. Fiberglass can cause hypersensitivity dermatitis if it penetrates the skin, however, he has no lesions indicative of that today. I recommend symptomatic treatment. Triamcinolone cream twice a day. Benadryl over the counter as needed for itching. Follow-up p.r.n. recurrence.

Laura M. Tamburin, M.D./dn

CC:    Joseph Sewell, M.D., Dothan, AL.





**100 PEMCO DRIVE**
**DOTHAN, AL 36303**

PHONE: (334) 983-7007
FAX:    (334) 983-7046

**Dothan Facility**

November 30, 2004

Mr. Wilfredo S. Camacho
1608 Saddlebrook Lane
Jacksonville, Florida 32221

Dear Mr. Camacho,

Pemco World Air Services has been trying very hard to work with you in an effort to obtain additional medical examinations that would provide us your specific work restriction/limitations in order for us to consider the possibility of re-instating your employment.

On Monday, November 22, 2004 I informed you via a phone conversation that Pemco made an appointment for you with a specialist on Tuesday, November 23, 2004 at 7:45 AM at the Flowers Doctor Center located at 4370 W. Main Street, Dothan, Alabama with Doctor Rudock. I gave you directions to the Doctor's office and you stated you would make this appointment. Gerri Paulk, Benefits Coordinator, was also present in my office during this conversation.

I was notified by Doctor Rudock's office on Tuesday, November 23, 2004 that you did not report for this scheduled appointment. As I have stated to you in the past, I am willing to work with you but you must do your part to cooperate with us as well. This will be my last attempt to schedule any additional Doctor appointments.

If you are still interested in the possibility of being considered for re-instatement with PWAS, another appointment has been made for you with Dr. Tamburin at the Flowers Doctors Center in Dothan for 9:40 AM on Tuesday, December 7, 2004.

Please indicate by your signature below that you have either declined this appointment or accepted this appointment. If you accept this appointment and you do not report as scheduled, you will forfeit any additional consideration for possible re-instatement. Please return this letter in the pre-addressed stamped envelope provided by Dec 6, 2004.

Sincerely,

James W. Battcher Sr.
Director, Human Resources
Pemco World Air Services

_____    Date: _____
I accept the Doctors appointment as stated above.

_____    Date: _____
I decline the Doctors appointment as stated and relinquish all rights for re-instatement.

**PEMCO**
**WORLD AIR SERVICES**
A Pemco Aviation Group Company
100 Pemco Drive
Dothan, Alabama 36303

7000 1670 0000 9488 3430

RETURN RECEIPT
REQUESTED

Mr. Wilfredo S Camacho
1608 Saddlebrook Lane
Jacksonville, FL 32221

32221+3600

SECOND NOTICE - ?

Received 12/08/04

Hasler
$04.42⁰
Mailed From 36303
11/30/2004
US POSTAGE



**PEMCO**
WORLD AIR SERVICES
A Pemco Aviation Group Company

100 Pemco Drive
Dothan, Alabama 36303

CERTIFIED MAIL

7000 1670 0000 9488 3410

RETURN RECEIPT
REQUESTED

12/8
12/16

Mr. Wilfredo S Camacho
1608 Saddlebrook Lane
Jacksonville, FL 32221

Where is the 1st? —

SECOND NOTICE — ?

32221+5600

12-3
LN
BSW

Hasler

MON 30 NOV 2004
PM

Mailed From 36603
US POSTAGE

$04.420
012HH6200036
11/30/2004

Received 12/08/04



*DOTHAN SPECIALTY CLINIC*
Suite 102
4300 West Main Street
Dothan, Alabama 36305-1051

forwarding and
correction requested

· · ·

WILFREDO S. CAMACHO
1608 S DLBROOK LN.
JACKS NVILLE, FL. 32221

MONT... 21 03 05
2,113 303
2.397 U.S. POSTAGE PB 223 1202
$00.570 06 DEC 20-04
9093          36305
FROM ZIP CODE



**PEMCO**
**WORLD AIR SERVICES**
*A Pemco Aviation Group Company*

100 Pemco Drive
Dothan, Alabama 36303
334-983-4571

TO:        Mr. Wilfredo Camacho

DATE:      December 27, 2004

Dear Mr. Camacho,

Pemco World Air Services has continued to try to work with you to return you to work from your administrative leave. Following your October 29, 2004 complaint regarding a rash that developed on your arm, you were off work for a week. You were initially sent to PrimeCare Occupational Medicine in Dothan for evaluation, and it was determined that you were suffering contact irritation from exposure to fiberglass at work. You were prescribed Zyrtec, Triamcinolone cream, and Elidel and instructed to limit your exposure to fiberglass.

On November 17, 2004, Dr. Joseph H. Sewell, MD evaluated you on your follow-up visit to PrimeCare Occupational Medicine. Dr. Sewell determined that you had not been using your prescribed medicine, but that your symptoms had improved after limiting your exposure to fiberglass. Dr. Sewell concluded that you could not be exposed to fiberglass ("No exposure to fiberglass") and imposed work restrictions consistent with his findings.

On November 18, 2004, Jim Battcher, Human Resource Director informed you that Pemco could not place you in a job environment that could expose you to additional rashes. Because of your medical limitations and work restrictions, you were not able to work in the hangars where fiberglass is ever-present, and there was no other work available within your restrictions. As a result, Mr. Battcher terminated your employment that day.

On November 19, 2004, Dr. Sewell amended his prior assessment after talking with you. Dr. Sewell informed us that you were able to work, but that you were advised to wear your protective gear, which you had not been wearing previously, and limit your exposure to fiberglass.

On November 22, 2004, Mr. Battcher contacted you and told you that Pemco was putting your termination on hold pending additional evaluation of your physical limitations. Mr. Battcher also informed you that he made an appointment for you to see Dr. Tonia Ruddock, MD, a specialist on November 23, 2004, and you agreed to go. However, you failed to attend your scheduled appointment.



Page 2
Wilfredo Camacho

Despite your noncompliance and in an effort to help you return to work, Mr. Battcher rescheduled an appointment with a dermatologist for December 7, 2004. You were informed that you were required to attend this second appointment in order to be considered for reinstatement. On December 7, 2004, you went to your appointment and were evaluated by Dr. Laura M. Tamburin, MD. Dr. Tamburin concluded that fiberglass could cause hypersensitivity dermatitis and recommended symptomatic treatment. Dr. Tamburin also concluded that you could work but that you must wear your protective equipment to do so.

Pursuant to your medical evaluations, Mr. Battcher informed you on December 16, 2004 that you can return to work assuming you rigorously follow your recommended treatment and wear your prescribed protective gear. Mr. Battcher told you to report to work on Monday, December 20, 2004 at 2:00 p.m. You told Mr. Battcher that you did not know whether you would return to work.

As of December 22, at 3:30, you have failed to report to work for three (3) consecutive working days or contact us which is in violation of the collective bargaining agreement. Pursuant to Article IV, Section 4 (C) of the collective bargaining agreement, your failure to report to work or to call in for three (3) consecutive working days constitutes a voluntary resignation. As a result, we assume that you have decided not to return to work and your employment is now officially terminated.

Sincerely,

Ramona Segler
Human Resources Manager

# NEW PATIENT INFORMATION SHEET
## Affiliated Dermatology, P.C.

Today's Date: _Dec. 1, 2004_

Name: _WILFREDO S. CAMACHO_

Address: _1608 SADDLEBROOK LANE_
_JACKSONVILLE, FLORIDA 32221_

Insurance: _WORKNER'S COMP._

Contract #: _____

Who is your regular physician? _____

Who referred you to us? _Dr. JOSEPH SEWELL_

Age: _46_  Sex: _M_  Race: _ASIAN_  Marital Status: _MARM_
Date of Birth _06, 04, 58_
Telephone (H) _(904) 781-1224_
(W) _____
Emergency contact phone # _____
Social Security # _X1 0 - 1X - X7X3_
Pharmacy Name: _____
Pharmacy Phone # (if known) _____

Past Medical History: (Circle any that apply)

Heart Murmur
Artificial Heart Valve
Previous Endocarditis
Artificial Joints
Diabetes
Immunosuppression
Pacemaker/Defibrillator
Blood Thinners
Bleeding Disorder
(Latex Allergy) → NOT SURE
HIV (+)
Hepatitis
Heart Disease/Attack

High Blood Pressure
Stroke
Blood Clots
Irregular Heart Beat
Circulation Problems
Asthma
Hayfever/Sinusitis
Lung Disease
Tuberculosis
Liver Disease
Colitis
Kidney Disease
Kidney Stones

Prostate Disease
Arthritis
Osteoporosis
Seizures
Fainting
Depression
Anxiety
Blood Disorder
Internal Cancer
Rheumatoid Arthritis
Lupus
Thyroid Disease
Organ Transplant

Other health problems: _BACK , EYE_

Surgeries: _NON_

Females: Are you pregnant or nursing? _____  History of hysterectomy or tubal ligation? _____

Skin History: Have you ever had skin cancer? _No_  Type/site/date _N/A_

Have you ever had the following? (circle) Psoriasis, (Eczema,) Keloids/Thick Scars _DUE TO LATEX GLOVES & CHEMICALS EXPOSURE WHILE INT MILITARY SERVICE._

Current medications (prescription, over-the-counter, vitamins, and herbal medicines): _TRU-SOFT (OPTHALMIC SOLUTION) & ERYTHROMYCIN (also for the eye)._

List all products (prescription, over-the-counter) you have used on or for your skin problem. Circle those you are currently using. _(LOTION), ELIDEL,_

Allergies: _PENICILLIN, ASPIRIN, SOMETIMES ALLERGY ON SHRIMPS_

Family History: Skin cancer: (type/relation) _NONE_

Psoriasis, Eczema, Rheumatoid Arthritis, Lupus: (relation) _NONE_

Social History: Occupation: _____  Hobbies: _READING / SWIMMING / BASKETBALL / TRAVEL_

Do you smoke? _NO_  Use oral tobacco? _NO_  Drink Alcohol (amount per day) _NO_

For office use only:
Reviewed by: _____ Date: _____
Reviewed by: _____ Date: _____
Reviewed by: _____ Date: _____
Reviewed by: _____ Date: _____
Reviewed by: _____ Date: _____
Reviewed by: _____ Date: _____

Shellev #X2069

☒ GREAT AMERICAN INS. CO.
☐ 580 WALNUT STREET CINCINNATI, OHIO 45202
☒ GREAT AMERICAN INS. CO. OF NEW YORK

NO. 029-849705

DATE: 12/22/04

INSURED: Penco Aviation Group, Inc.

CLAIMANT: Wilfredo Camacho

STMT. OF ACCT.: TTD 10/30/04 through 12/24/04

PAY: Four Thousand Five Hundred Sixty Two & 96/100**************

DOLLARS $ ****4,562.96***

PAY TO THE
ORDER OF:
Wilfredo Camacho
1608 Saddlebrook Lane
Jacksonville, FL 32221

PRODUCER: Strategic Comp, LLC
P.O. Box 6960
Metairie, LA 70009

GREAT AMERICAN INSURANCE COMPANIES

BY _____
AUTHORIZED SIGNATURE

| PROD. PROD. | KEY | CLAIM NUMBER | 28 | 20 | POLICY NUMBER | 38 | SKIP 77-1 | ACCIDENT DATE |
|---|---|---|---|---|---|---|---|---|
| 564 | 523171 | | | | WC6172076 | | | 10/29/04 |

⑈029849705⑈ ⑆04 2 20 24 26⑆ 034 ⑆m 64 2⑈

PAYABLE AT
THE PROVIDENT
BANK
CINCINNATI OH
13-42/42

strategic
comp
Workers' Compensation Solutions

Post Office Box 6960 — Metairie, Louisiana 70009

RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 MAY 27 A 8:38

DEBRA P. HACKETT CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

WILFREDO CAMACHO,                    )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )    CASE NO.: 1:05cv 503-T
                                     )
PEMCO WORLD AIR SERVICES,            )
INC.,                                )
                                     )    DEMAND FOR JURY TRIAL
        Defendants.                  )
                                     )

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343, 28 U.S.C. §2201 and §2202, and 42 U.S.C. §12101, et seq.,Title I of the Americans with Disabilities Act of 1990; 42 U.S.C. sec. 2000(e) et seq. and 42 U.S.C. sec. 1981 et seq. as amended. The jurisdiction of this Court is invoked to secure protection for and redress the deprivation of rights secured by 42 U.S.C. §12101, et seq.; 42 U.S.C. sec. 2000(e) et seq. and 42 U.S.C. sec. 1981 et seq. as amended. –

2. Plaintiff is a Asian-American citizen of Philipino descent of the United States and over the age of nineteen (19) years. Plaintiff is a qualified individual with a disability.

3. Defendant is a corporation licensed to do business in Alabama. The



Defendant has had fifteen (15) or more employees at all times relevant to this action.

4. Venue is properly laid in the United States District Court, Middle District, Southern Division as the acts complained of by Plaintiff were committed or occurred within this district and state.

5. At all relevant times, the Defendant was and is an "employer" as defined in 42 U.S.C. §12101 et seq.; 42 U.S.C. sec. 2000(e) et seq. and 42 U.S.C. sec. 1981 et seq. as amended.

6. Plaintiff filed a timely charge of discrimination based on disability with the United States Equal Employment Opportunity Commission ("E.E.O.C.") on December 1, 2004.

7. Plaintiff was mailed a "Notice of Right to Sue" from the U. S. Department of Justice on February 25, 2005.

8. The complaint in this matter was timely filed with this court within ninety (90) days from the receipt of the Right to Sue Letter.

9. Plaintiff is a member of a protected group: he is an Asian-American male of Philipino descent and is a qualified individual with a disability.

10. The Defendant, by and through its agents and representatives, failed to accommodate his disability.

11. Plaintiff Wilfredo Camacho was hired by the Defendant in or around

October 2003 as an aircraft mechanic. Plaintiff has been subjected to disparate terms and conditions of employment since he was hired by the Defendant. This disparate treatment includes, but is not limited to, job assignments, being monitored more closely than other similarly situated employees, unfavorable working conditions and not being given the proper safety equipment necessary for the performance of his job. As a result of working under these conditions, Plaintiff developed a skin condition which required medical care. Plaintiff notified his employer of the condition and requested accommodations, which were refused. Similarly situated employees outside Plaintiff's protected class have been accommodated in the past. On or about November 18, 2004, Plaintiff's employment was terminated.

WHEREFORE PREMISES considered, Plaintiff prays for the following:

a.)    Award liquidated damages to Plaintiff on account of Defendants willful violation of 42 U.S.C. §12101, et seq., Title I of the American with Disabilities Act of 1991.

b.)    Reinstatement, backpay, frontpay, lost wages, benefits, pension and retirement plans, costs of filing this action, attorneys' fees, compensatory damages and punitive damages under 42 U.S.C. sec. 12101et seq.; 42 U.S.C. sec. 2000(e) et seq. and 42 U.S.C. sec. 1981 et seq. as amended.

c.)    Order such and further relief as this court may deem just and proper,

including injunctive relief.

Kenneth F. Gray, Jr.
ASB-0475-R65K

Bret M. Gray
ASB-3837-G54B

OF COUNSEL:
GRIFFIN & ASSOCIATES
2100 River Haven Drive
Suite 1
Hoover, Alabama 35244
(205) 402-7476

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY FOR ALL THE ISSUES AND DEMANDS IN THIS CASE.

OF COUNSEL

## PLAINTIFF'S ADDRESS:

c/o GRIFFIN & ASSOCIATES
2100 River Haven Drive
Suite 1
Hoover, Alabama 35244

## PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:

Pemco World Air Services, Inc.
c/o Doris K. Sewell
1943 50th Street North
Birmingham, AL 35212

EEOC Form 161 (10/96)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Wilfredo S. Camacho
1608 Saddlebrook Lane
Jacksonville, FL 32221

From: Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-00843 | Jean McGinnis-Barrera | (205) 212-2056 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

---

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough, District Director

February 2, 05
*(Date Mailed)*

Enclosure(s)

cc:  Information Sheet
Copy of Charge
cc: Respondent(s)



PAY RATE

# STARTING PAY - (OCT '03 - AUG 22 '04)

| | REGULAR | TIME & A HALF | OVERTIME DOUBLE TIME |
|---|---|---|---|
| BASIC PAY | $ 17.22 /Hr. | $ 25.83 | $ 34.44 |
| LICENSE | .50 | .75 | 1.00 |
| NIGHT DIFFERENTIAL | .15 | .23 | .30 |
| | $ 17.87 | $ 26.81 | $ 35.74 |

# FINAL PAY (AUG. 23 TO NOV 3. 2004)

| | | | |
|---|---|---|---|
| BASIC PAY | $ 17.91 | $ 26.87 | $ 35.82 |
| LICENSE | .50 | .75 | 1.00 |
| NIGHT DIFFERENTIAL | .15 | .23 | .30 |
| | $ 18.56 | $ 27.85 | $ 37.12 |

# ACTUAL WEEKLY PAY

| | OVERTIME | BASIC PAY | LICENSE PAY | NIGHT DIFF = | GROSS TOTAL |
|---|---|---|---|---|---|
| 10/25-31/2004 32 Hrs. | | $ 573.12 - | $ 16.00 | $ 4.80 | $ 573.90 |
| 10/18-24/2004 39.83 Hrs. | | 713.36 | 19.92 | 5.98 | 739.24 |
| 10/11-17/2004 32.0/8.0 HOL/5.0 OT /7.95 | $ 221.40 | 716.40 | 20 - | 6.00 | 962.5 |
| 10/04-10/2004 40 Hrs. | | 716.40 | 20 - | 6 - | 742.3 |
| 09/27-10/03 2004 40/5.0 OT 8.0/8.0 DOT | 519.76 | 716.40 | 20 - | 6 - | 1,262.0 |
| 09/20-26/2004 40/20.0/10.0 | 928.20 | 716.40 | 20 - | 6 - | 1,670.4 |
| 09/13-19/2004 24/9.9/8.0 OT | 572.63 | 429.84 | 12 - | 3.60 | 1,018.0 |
| 09/06-12/2004 32/8 HOL | | 716.40 | 20 - | 6 - | 742.3 |
| 8/30-09/05 2004 31.95 | | 572.23 | 15.98 | 4.80 | 592.9 |
| 08/23-29/2004 32/8 SL | | 716.40 | 20 - | 6 - | 742.3 |

AVERAG WEEKLY PAY $9,046.31 ÷ 10 = $ 904.63     TOTAL 10 WEEKS PAY $ 9,046.31

# Winn✓Dixie

Getting better all the time

Questions or Comments:
1-866-WINN-DIXIE (1-866-946-6349)
www.winn-dixie.com

REWARD CUSTOMER              420XXXX2021

```
1 @ 2/6.00
     FRUIT20 ORANGE 6PK        3.00 B
  **** TAX      .21  TOT       3.21

VF     DEBIT CARD            63.21

       CHANGE                60.00
```

TOTAL NUMBER OF ITEMS SOLD = 1
5/14/06  7:59 PM 0199 04 0318 154

     YOU HAVE SAVED A TOTAL OF 1,575.56
       WITH YOUR CUSTOMER REWARD CARD

     YOUR CASHIER TODAY IS, MATT

        DIRECTOR JEFF SHOOK
     STORE # 0199 - JAX      ,FL
        PHONE # (904)693-4404
          PHARMACY(904)693-6406

   THANK YOU FOR SHOPPING WINN-DIXIE



*************************
Winn Dixie #0199
703 Chaffee Road
Jacksonville, FL
05/14/06   7:59 PM
TERMINAL ID: WP0199
CARD NO: XXXXXXXXXX1213
SEQ NO: 0004206I
PURCHASE FROM CHECKING
CASH BACK AMOUNT         $ 60.00
TOTAL                    $ 63.21
*************************************
05/14/06  7:59 PM  0199  004  0318  154

*************************
WE CHANGED WELCOME  1391799 24
1D015394I6-B01
RACEWAY 988
15809 S. US. 231
SLOCOMB

DATE        05/14/0
TIME        10:13 P
AUTH #      220261
EXP: 08/07
VISA
ACCOUNT NUMBE
XXXX XXXX XXXX 12
CAMACHO
M
02  UNLD      $2.1
PUMP PRODUCT PPG
GALLONS       14.457
TOTA          $39.4
THANK YOU
HAVE A NICE DAY
$39.45 2 $
(R). 457 Gal



WAL★MART
ALWAYS LOW PRICES.
Always

SUPERCENTER
WE SELL FOR LESS
MANAGER ANNIE HOWARD
( 334 ) 702 - 1310
ST# 2634 OP# 00002659 TE# 09 TR# 01946
BANANA        0.86 lb @ 1 lb /0.48
DEER PARK     002267003312 F      0.41 T
NSTLCRCHSTIX  002800006245 F      2.98 X
NSTLCRCHSTIX  002800006245 F      1.50 X
GUM           002200000171       1.50 X
MARU 6PK LS   004178908106 F      0.20 X
D CDR BOTTLE  082520204604        1.48 T
D CDR BOTTLE  082520204620        1.00 X
D CDR BOTTLE  082520204601        1.00 X
                         SUBTOTAL  1.00 X
TAX 1  8.000 %                    11.07
              CASH TEND            0.89
              CHANGE DUE          11.96
                                  16.00
                                   3.04

# ITEMS SOLD 9

Give Mom the perfect gift with
a Wal-Mart gift card.
05/14/06            22:52:58
TC# 7914 0962 1109 8662 2317

(205) 254-1107

Jim Holmes

Jim 502

Page 1 of 1



**DIS - MONTGOMERY**

**1124 EASTERN BLVD**
**MONTGOMERY, AL  36117**
Tele - (334) 273-1101    Fax - (334) 273-1101

CAMACHO, WILFREDO
PAL

JACKSONVILLE, FL  32221

**Room Number:** 502
**Daily Rate:** 70.00
**Room Type:** NQQX
**No. of Guests:** 2 / 0

| ARRIVAL | DEPARTURE | CREDIT CARD | RATE PLAN | CATEGORY | ACCOUNT |
|---------|-----------|-------------|-----------|----------|---------|
| 05/14/06 | 05/15/06 | XXXXXXXXXXX5827 | FGOV | GOVT | 718256 |

| DATE | ROOM NO. | DESCRIPTION | REFERENCE | AMOUNT |
|------|----------|-------------|-----------|--------|
| 05/14/06 | 502 | ROOM | #502 CAMACHO, WILFREDO | $70.00 |
| 05/14/06 | 502 | ROOM TAX | ROOM TAX | $2.80 |
| 05/14/06 | 502 | OCCUPANCY TAX | OCCUPANCY TAX | $5.95 |
| 05/14/06 | 502 | FLAT TAX | FLAT TAX | $1.00 |
| 05/15/06 | 502 | MASTER CARD | 5827 MASTER CARD | ($79.75) |

**TOTAL DUE:**          $0.00

Terms:  Due and payable upon presentation.  I AGREE that my liability for this bill is not waived and agree to be held personally liable if the indicated person, company or association fails to pay for any part or full amount of these charges including any missing/damaged items, etc. Hotel is authorized to charge my account and/or credit card for all charges incurred, including any items missing or damaged during my stay.

## 117 Hotels in 17 States ... and Growing!