IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILFREDO CAMACHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-503-MHT |
| ) | |
| PEMCO WORLD AIR ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on Friday, August 4, 2006, wherein the following proceedings were held and actions taken:

    1.    <u>Parties and Trial Counsel</u>:  Appearing at the conference were:
Wilfredo Camacho, Pro Se Plaintiff

John B. Holmes, III, Counsel for Defendant

    2.    <u>Jurisdiction and venue</u>:  Subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1343 (a)(3), and 1367.  Personal jurisdiction and venue are not contested.

    3.    <u>Pleadings</u>: The following pleadings and amendments were allowed:

Complaint on behalf of Plaintiff and Answer on behalf of Defendant.

    4.    <u>Contentions of the Parties</u>:

    a.    Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Civil Rights Act of 1991 ("§ 1981"), and the American's with Disabilities Act of 1990 ("ADA").  Specifically, Plaintiff alleges that he was discriminated against because he is an Asian-American of Filipino descent and has a disability.

    b.    Defendant ("Defendant" or "Pemco') contends that the terms and conditions of Plaintiff's employment and the subsequent termination of his employment were completely unrelated to his race, national origin, or alleged disability.  Defendant further contends Plaintiff is not disabled as defined by the ADA, and denies that he was subjected to disparate treatment or harassment because of his race or national origin.  Defendant further contends that because Plaintiff

offers no evidence of discrimination and cannot rebut Defendant's legitimate, nondiscriminatory reasons for its actions related to Plaintiff, he cannot prevail on his claims as a matter of law.

  5. <u>Stipulation by and between the Parties</u>:

  Plaintiff began working for Pemco on October 1, 2003 as a contract airframe and power plant mechanic through Airplanes Incorporated, a temporary manpower company. Plaintiff became a permanent Pemco employee on or about November 3, 2003. Plaintiff worked as an A & P mechanic on second shift, 3:30 p.m. until 12:00 midnight, throughout his employment at Pemco.

  6. <u>Discovery and other pretrial procedures</u>:

  a. Discovery in this matter is almost complete. On July 13, 2001, Plaintiff filed "Plaintiff's Computation," which included a request for "names, phone numbers, etc." for approximately 19 individuals, as well as Pemco's financial information. Defendant is currently preparing its response to Plaintiff's requests.

  b. The Standard Pretrial Procedures specified on Exhibit A to Pretrial Order hereto are adopted as part of this order.

  c. Pending motions: Defendant submitted its motion for summary judgment on July 21, 2006, pursuant to Magistrate Judge McPherson's May 16, 2006 Order. Plaintiff has until August 21, 2006 to file a response.

  7. <u>Trial</u>. At least five days prior to trial, the parties shall present to the court any special questions or topics for voir dire examination of the jury venire, and, to the extent the same can be anticipated, any requests for instructions to the jury (including extracts of any statutes on which instructions are requested). (See specific requirements for Jury Instructions in Exhibit A.) By the date set for trial, the parties shall file and serve any requested special verdict forms or interrogatories for submission to the jury. The submissions should be served on opposing counsel/parties and should be in hard copy and on diskette in WordPerfect or Word.

  8. This case is currently set for jury trial in Dothan, Alabama on September 11, 2006. Pursuant to Magistrate Judge McPherson's May 16, 2006 Order, the current trial setting may need to be revisited. Defendant's Counsel reasonably anticipates the case should take 2-3 days to try. Plaintiff does not know how many days the trial will take.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last three (3) days, are set for**

    September 11, 2006, at 10:00 a.m., at the federal courthouse in Dothan, Alabama;

(2) The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by September 6, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge; and

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be

binding on all parties unless an objection is noted and filed with the court within seven (7) days from the date of this order.

DONE, this the 7th day of August, 2006.


    <u>/s/ Myron H. Thompson</u>
    **UNITED STATES DISTRICT JUDGE**