IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILFREDO CAMACHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:05cv503-MHT |
| | ) [WO] |
| PEMCO WORLD AIR SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION**

Pending before the court is the plaintiff's ["Camacho"] motion for an extension of time in which to file his response to the defendant's ["Pemco"] motion for summary judgment (Doc. # 38). For the reasons that follow, the motion is DENIED.

On 2 August 2005, the court entered an order setting 14 March 2006 as the deadline for the submission of dispositive motions (Doc. # 7). This order provided that a response to any dispositive motion was due within 21 days after the motion was filed. *Id.* On 21 February 2006, the court modified the scheduling order, which resulted in extending the deadline for filing dispositive motions to 5 May 2006 (Doc. # 8). For good cause due to complications arising primarily from the withdrawal of plaintiff's former legal counsel, Camacho's decision to proceed *pro se*, and his limited ability to appear for a deposition, and following a status conference at which Camacho and counsel for the defendant appeared, the court again extended the deadline for filing dispositive motions, setting 21 July 2006 as the key date (Doc. # 28).

On 21 July 2006, Pemco filed a motion for summary judgment (Doc. # 31-32). The

court then entered an order explaining to Camacho the significance of the motion, the importance of a proper response, and, generally, the essential elements of a response (Doc. # 33). The order, designed for use in pro se cases like this one, carefully set forth the requirements for a plaintiff in a manner that was easily understood. In further explanation of the consequences of failing to respond, the court stated:

> [O]n or before 21 August 2006, the plaintiff shall file his response to the motion. Thereafter, the motion for summary judgment will be deemed submitted on the motion, the pleadings, the response, and any documents or other evidence that the parties file, the party seeking summary judgment has already filed or which the plaintiff may wish to file on or before 21 August 2006. ***Any documents or evidence filed after this date will not be considered by the court except in exceptional circumstances***.

(Doc. # 33) (emphasis added). The deadline established by this most recent order thus provided Camacho with more than a week in addition to the response period called for in the court's previous scheduling order (Doc. # 7). Moreover, Camacho's motion is evidence that he received the order.

Notwithstanding the carefully-worded order, Camacho failed to file a response by the deadline. Instead, on the day his response was due, Camacho filed a letter, stating in its entirety, "I would like to request the Honorable Court to extend the time for submission of my response to the Defendant's Motion for Summary Judgment." (Doc. # 38). Camacho utterly fails to attempt even an explanation for the requested delay. Consequently, there are no "exceptional circumstances" upon which to premise an extension.

While the court is generally inclined toward a flexible interpretation of Camacho's *pro*

*se* filings, this inclination does not necessarily, and does not in this already overextended case, extend to deadlines by virtue of his *pro se* status. **Wayne v. Jarvis**, 197 F.3d 1098, 1104 (11th Cir. 1999) (referring to *pro se* filings, noting, "Liberal construction does not mean liberal deadlines.") *quoted in* **Clark v. Health & Human Svcs.**, No. 05-15698, 2006 WL 994150, at *1 (11th Cir. Apr. 17, 2006) (slip copy). A party should not file a motion for extension on or after the due date for filing the pleading or other document. *See, e.g.*, Fed. R. Civ. P. 6(b); **Hill v. Dekalb Reg'l Youth Det. Ctr.**, 40 F.3d 1176, 1184 n.15 (11th Cir. 1994).

Camacho's failure to file his unexplained request until the day his response was due evidences a lack of respect for this court's efforts to ensure a timely resolution of this matter, efforts that have already been hampered in no small part due to Camacho's own conduct. Therefore, it is hereby

ORDERED that Camacho's motion for an extension of time to respond to Pemco's motion for summary judgment (Doc. # 38) is DENIED. It is further ORDERED that Pemco's motion for summary judgment is deemed submitted.

DONE this 22nd day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE